**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LEONARDO GAITAN ORTIZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1370-R** |
| | ) | |
| **WARDEN, Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Leonardo Gaitan Ortiz, a noncitizen[1] and Salvadorean national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. Background

Petitioner, a citizen of El Salvador, entered the United States on November 2, 2024, without inspection or parole. Pet. at 2; Doc. 1-3 at 2 (Notice to Appear). Shortly thereafter, ICE encountered Petitioner and processed him for expedited removal. Resp. at 2; Doc. 11-1 at 3 (ICE Encounter Summary). After he claimed fear of persecution, on November 12, 2024, ICE placed him into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, charging him with being inadmissible (1) under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection, and (2) under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of valid documents. Resp. at 2; Doc. 11-1 at 4; Doc. 1-2 at 2. Petitioner was subsequently released from ICE custody on an Alternatives to Detention ("ATD") program with an electronic monitoring device. Resp. at 2.[2]

On January 21, 2026, ICE re-detained Petitioner pursuant to an arrest warrant. Pet. at 2; Resp. at 2; Doc. 11-2 (Warrant for Arrest). Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Resp. at 1. On April 27, 2026, Petitioner filed an Application for Asylum and for Withholding of Removal. Resp. at 2; Doc. 11-4 at 1

[2] Respondents allege Petitioner violated the conditions of his ATD program three times by tampering with his device or exceeding the GPS boundary. Resp. at 2; Doc. 11-1 at 2 (listing ATD violations). However, Respondents do not allege such violations have any impact on what provision governs Petitioner's re-detention. In fact, Respondents acknowledge this Court has held that similarly-situated petitioners are properly detained under § 1226(a). Resp. at 3-5. Further, the undersigned agrees with Petitioner that "the Immigration Judge may consider the ATD allegations alongside all other relevant evidence" at a bond hearing. Reply at 7.

(Asylum and Withholding of Removal Application). On May 5, 2026, an Immigration Judge ("IJ") denied Petitioner's request for bond due to lack of jurisdiction because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing. Resp. at 2; Doc. 11-3 at 1 (IJ Bond Order).

On June 24, 2026,[3] an IJ ordered Petitioner removed to El Salvador. Resp. at 3; Doc. 11-5 at 1, 3 (IJ Order of Removal). However, on July 22, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"), and the appeal is currently pending. Doc. 14-1 (Notice of Appeal to BIA); *see also* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Aug. 13, 2026). Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1. Resp. at 3.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 3. Both parties agree he remains detained there. *See* Doc. 14-2 at ¶ 6 (stating Petitioner "remains detained at the Diamondback Correctional Facility" as of August 4, 2026); Doc. 15 at 1 (same).

[3] The record is inconsistent whether Petitioner was ordered removed on June 24, 2026, or June 26, 2026. *Compare* Doc. 11-5 at 1 (IJ Order dated June 24, 2026) *with* Doc. 14-1 (Notice of Appeal stating IJ decision was dated June 26, 2026); EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Aug. 13, 2026) (listing order of removal date as June 26, 2026). The undersigned concludes the exact date Petitioner was ordered removed does not impact the analysis.

## II. Petitioner's Claims

Petitioner asserts two counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention pursuant to 8 U.S.C. § 1225(b)(2)(A) violates the INA. Pet. at 4-5. He further alleges his detention is properly governed by § 1226(a), which entitles him to an individualized custody review. Pet. at 5.
- **Count II: Violation of Due Process.** Petitioner alleges his prolonged mandatory detention under § 1225(b)(2) without an individualized determination that he is not a flight risk or danger to the community violates his substantive due process right. Pet. at 5-8. He also alleges his deprivation of a hearing violates his procedural due process rights under *Mathews v. Eldridge*, 424 U.S. 319 (1976). Pet. at 8-9.

He asks the Court to "issue a Writ of Habeas Corpus ordering [his] immediate release from custody, subject to reasonable conditions of supervision," or alternatively, to "order Respondents to provide [him] with an individualized bond hearing before a neutral decision-maker within seven (7) days." *Id.* at 10 (citation modified). Petitioner also seeks an order staying his removal proceedings pending the resolution of this Petition. *Id.* at 11.[4]

[4] To the extent Petitioner seeks a stay of his removal proceedings, the Court does not have jurisdiction to do so. *See*, *e.g.*, *Valdovinos-Blanco v. Holder*, 557 F. App'x 793, 794 (10th Cir. 2014) (unpublished) (noting the court is "unaware of any statutory or common-law authority permitting a federal court to intervene in an alien's ongoing deportation proceedings to order withholding of removal" (citation modified)); *Olola v. U.S. Att'y Gen.*, No. 18-CV-00058, 2018 WL 11446892, at *3 (D. Colo. Feb. 22, 2018) ("Federal law unambiguously strips federal district courts of jurisdiction to stay or enjoin an alien's removal." (citation modified)). Accordingly, this request should be denied.

Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA"). *Id.*[5]

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles

[5] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA because he is properly detained under § 1226(a) and entitled to an individualized bond hearing. Pet. at 4-5. Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A). Resp. at 1.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Bohorquez Bravo v. Lyons*, No. CIV-26-912-R, 2026 WL 1896141, at *1

(W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[6]

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner seeks "immediate release from custody, subject to reasonable conditions of supervision," or alternatively, "an individualized bond hearing before a neutral decision-maker within seven (7) days." Pet. at 10. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Bohorquez Bravo*, 2026 WL 1896141, at *1 (citing *Santillan*

---

[6] This conclusion is also in accord with persuasive authority in the Second, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th ----, 2026 WL 2196424, at *26 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, --- F.4th ----, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

*Quiroz* and concluding "the appropriate remedy is a bond hearing"); *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests his immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy."). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (denying petitioner's request for burden shifting, and holding "although petitioner is entitled to a bond hearing under § 1226(a), the Court declines to specify or alter the burden of proof at this stage") (citation modified). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[7]

### C. The Court should decline to address Petitioner's due process claims.

Petitioner also argues his continued detention without a bond hearing violates his right to procedural and substantive due process. Pet. at 5-10. If the Court grants Petitioner

---

[7] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

relief with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's due process claims based on his continued detention. *See, e.g.*, *Valdez,* 2025 WL 3709021, at *3 n.2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **August 20, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **August 25, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 13th day of August, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE